ROME WIRE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8759.  Promulgated September 29, 1927.

Certain bonuses paid the president, vice president and secretary of the petitioner, plus the regular salaries and other bonuses there-

after voted, constituted no more than a reasonable compensation for services rendered.

*C. R. Dewey, Esq.,* for the petitioner.
*George G. Witter, Esq.,* for the respondent.

This proceeding is for the redetermination of a deficiency of $90,949.67 declared by the respondent for the year 1917. The petitioner admits that $61,309.67 of this was a true deficiency, leaving $29,640 in controversy. This amount arises from the restoration of $47,500 paid by the company as a bonus to its three principal officers, to the taxable income.

FINDINGS OF FACT.

The petitioner is a domestic corporation having its factories and offices at Rome, N. Y. During the year 1917 it was engaged in manufacturing copper wire and electrical wires and cables of all kinds. It had as a subsidiary during that year the Electric Rod Mills, Inc., a small concern which was affiliated with it during that year and was operated at a loss slightly in excess of $4,000. The operations of the subsidiary have been given no consideration by the parties to this appeal.

For the year 1917 the directors of the petitioner voted to pay the three principal executive officers thereof the following compensation:

|  | Regular salary | Bonus Jan. 16, 1917 | Bonus Dec. 26, 1917 | Total |
|---|---|---|---|---|
| H. T. Dyett, president, treasurer | $15,000.00 | $25,000.00 | $25,000.00 | $65,000.00 |
| F. M. Potter, vice president | 12,999.96 | 20,000.00 | 20,000.00 | 52,999.96 |
| C. R. Keeney, secretary | 6,000.00 | 2,500.00 | 3,500.00 | 12,000.00 |
|  |  | 47,500.00 |  |  |

The respondent allowed the payment for the regular salaries and the bonuses voted December 26, 1917, and disallowed the deduction from the corporation's income of the bonuses voted January 16, 1917. It is from this disallowance of $47,500 that petitioner appeals. No other amount is involved. The minutes of the directors' meeting of January 16, insofar as material, are as follows:

A motion was proposed by Mr. Ferris and seconded by Mr. Thomas as follows: Resolved that a bonus be paid to the officers as follows:

H. T. Dyett _____ $25,000
F. M. Potter, Jr _____ 20,000
C. R. Keeney _____ 2,500

Also that the salaries of the officers for the ensuing year be as follows:

| | |
|---|---:|
| H. T. Dyett_____ | $15,000 |
| F. M. Potter, Jr._____ | 13,000 |
| C. R. Keeney_____ | 6,000 |

This motion was discussed at some length, the officers stating that the proposition of a bonus was entirely unexpected and that they felt very much averse to accepting the amount proposed.

The question was then put to vote with the following result:

Yes—A. F. Carpenter, T. H. Ferris, H. A. Hammond, C. R. Keeney.

Noes—H. T. Dyett, F. M. Potter, Jr.  Carried.

The stock of the corporation consisted of 3,500 shares preferred and 6,187 shares common. The par value of each was $100 and both had the same voting privileges. Dyett owned 385 shares of the preferred and 1,923 shares of the common, approximately 11 per cent and 31 per cent respectively; Potter owned 340 shares preferred and 1,263 shares common, approximately 10 per cent and 20 per cent respectively, and Keeney owned 19 shares preferred and 11 shares common, approximately one-half of 1 per cent and one-fifth of 1 per cent, respectively. The three had a combined ownership of 21 per cent of the preferred and 52 per cent of the common, and had approximately 41 per cent of the voting strength of the corporation. The largest four stockholders in the order of their holdings were Dyett, Carpenter, Ferris and Potter.

The three stockholders to whom the bonuses were voted devoted their whole time to the duties of their respective offices. Dyett, who was president, treasurer, and general manager, devoted himself principally to financing, sales, and purchases. During the year he purchased approximately 1,881,000 pounds of rubber, 1,158,000 pounds of cotton yarns, and 31,000,000 pounds of copper. Copper fluctuated much during the year, reaching a maximum price of 35½ cents per pound in March and a minimum of 23½ cents in November and December, a change of nearly 34 per cent. Some cotton yarns varied in price approximately $1 per pound, and the price of rubber varied from 53 cents to 83 cents per pound. He kept in touch with New York daily, either by long distance telephone or personal visits, making a continual study of market conditions. Potter was the vice president in charge of research and experimental work and manufacturing. On him devolved the carrying on of the company's manufacturing operations, building up the equipment, bringing out new products, and handling a very trying labor situation. The company employed on its day and night shifts about 900 men and the labor turnover was remarkably large. The company was building almost continuously and Potter had charge of the designing and construction of all buildings. The amount

expended under his supervision during the year for buildings was $153,000 and that for new machinery was $141,000. He also had charge of all experimental work in the plant. Owing to the constant changes in the market, he was compelled to change the materials used in the manufacture of compounds of rubber goods in order to secure as cheap a compound as possible and yet meet the requirements of the trade. Keeney was in charge, under Dyett, of the sales and some of the purchasing and acted as secretary of the company. These three executives had entire charge of financing, production, sales, collections and care of the property of the corporation.

The capital stock of the petitioner for the year 1917 was $968,700; the surplus was approximately $1,535,205.32, making the total operating capital approximately $2,503,905.32. The total sales during the year were $12,775,000, and the net income before the accrual of the income tax was $1,007,407.55. After all deductions and additions, it was $955,881.12.

### OPINION.

LANSDON: The only matter before the Board for determination is as to whether the several amounts paid to Messrs. Dyett, Potter, and Keeney during the year 1917 were paid in compensation for services performed by them during the year. *United States* v. *Philadelphia Knitting Mills Co.*, 273 Fed. 657. About 24 per cent of these payments were denominated by the directors as salaries and 76 per cent as bonuses. All the evidence before the Board in this proceeding is to the effect that the amounts paid by the corporation were compensation for services actually performed during the taxable year and that the amounts were all paid during that year. From the evidence, we think the amounts constituted no more than reasonable compensation for services.

> *Judgment will be entered for the petitioner on 10 days' notice, under Rule 50.*

Considered by STERNHAGEN and ARUNDELL.